UNITED STATES of America, Appellee,

v.

John Walter WATERMAN, a/k/a Jack Waterman, Appellant.

No. 82–1777.

United States Court of Appeals,
Eighth Circuit.

July 8, 1983.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

## ORDER ON PETITION FOR REHEARING

On April 8, 1983, this court, 704 F.2d 1014, rendered an opinion affirming John Waterman's convictions on four counts of mail fraud, stemming from his participation in an Omaha, Nebraska arson for profit ring. This court also reversed one count of mail fraud, finding insufficient evidence to support Waterman's conviction. In his petition for rehearing, Waterman contends the court failed to resolve whether the Government entered into an unlawful and unconstitutional agreement with Eugene Gamst, the Government's chief witness against Waterman. Waterman's petition for rehearing with his further request for a rehearing en banc is now denied.

Gamst had been the ring leader of the arson ring and had previously been sentenced to twelve years imprisonment. The agreement with Gamst provided that the Government would recommend a two-year reduction in Gamst's sentence if his cooperation and testimony led to further indictments. If Gamst's cooperation and testimony did not lead to further indictments, the Government promised only to acknowledge and inform the court of Gamst's cooperation and not to make a specific recommendation for a reduction in his sentence. Waterman now terms this a "bounty," or "contingency" agreement.

Waterman's petition raises a serious matter. However, the alleged impropriety of the Government's agreement with Gamst was never raised on direct appeal as a matter of error by brief or directly in oral argument. In addition, it would appear that a factual record may need to be developed on this issue. Accordingly, we deny the petition for rehearing, but without prejudice to Waterman's presenting this claim to the district court by an appropriate petition under 28 U.S.C. § 2255 or under Rule 35 of the Federal Rules of Criminal Procedure.